| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:17-cr-00110-APG-DJA |
| Plaintiff | **Order Denying Motion in Limine** |
| v. | [ECF No. 129] |
| SYLVIANE DELLA WHITMORE, | |
| Defendants | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Defendant Sylviane Della Whitmore moves to preclude the Government from offering at trial statements she made to the FBI regarding prior thefts she committed. ECF No. 129. The Government responds that the statements are admissible under Federal Rule of Evidence 404(b). Because the Government may be able to show a permitted use under Rule 404(b), I will deny the motion in limine. But I will conduct a pre-trial hearing to determine whether the Government can demonstrate the similarity between the prior acts and the charged crimes.

Some of the current charges against Ms. Whitmore arise out of an April 14, 2012 robbery at 24/7 Private Vaults. The perpetrators evaded the facility's security system and accessed vaults by drilling into them. Ms. Whitmore also faces charges related to a 2014 burglary at the same facility, in which the perpetrators cut through a wall and drilled into vaults.

In June 2012, while being questioned by the FBI about the April 2012 robbery, Ms. Whitmore admitted she had participated in thefts at 24/7 Private Vaults in 2008-2010, when she was employed there. She and another person drilled into several vaults. She denied participating in the 2012 and 2014 thefts. Ms. Whitmore now seeks to bar the Government from admitting her statements at trial.

"Rule 404(b) is a rule of inclusion, such that [e]vidence of other crimes or acts is admissible under Rule 404(b), except where it tends to prove only criminal disposition. [I]f evidence of prior crimes bears on other relevant issues, 404(b) will not exclude it." *United States v. Mixon*, No. 2016 WL 11658660, at *2 (D. Ariz. Jan. 22, 2016). Evidence may be admitted under Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quotation omitted). "The government has the burden of proving that the evidence meets all of the[se] requirements." *Id.* (quotation omitted). The first three requirements are easily met here.

The prior thefts tend to show that Ms. Whitmore knew how to avoid the facility's security systems, access the secured vaults, and open the vaults by drilling into them. The Government contends the prior acts also support its theory that Ms. Whitmore "had a motive to cover up her prior thefts by staging a robbery by outsiders." ECF No. 136 at 5.

The prior acts were committed in 2008-2010, which is approximately four to six years before the 2012 and 2014 crimes charged in this case. That is not too remote in time. The Ninth Circuit "has not adopted a bright line rule concerning remoteness in time, . . . and, where the prior acts were similar to those charged, previous decisions have upheld admission of evidence of acts up to twelve years old." *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996), as amended on denial of reh'g (Sept. 10, 1996).

Finally, Ms. Whitmore's own statements that she committed the prior thefts is sufficient to support a finding that she committed them. Thus, three of the *Bailey* requirements are

established, so the statements may be admitted to show Ms. Whitmore's knowledge of how to avoid the security systems and her motive to stage a burglary by an outsider.

Because the evidence is admissible under Rule 404(b), I must also "decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Bailey*, 696 F.3d at 799 (quotation omitted). Although the statements are clearly prejudicial to Ms. Whitmore, that prejudice does not substantially outweigh the probative value. I will give the jury a limiting instruction if Ms. Whitmore requests.

The fourth prong of the *Bailey* test—the similarity between the prior acts and the charged crimes—arises only if the Government offers her statements about the prior thefts to show the same *modus operandi* was used in all of the robberies. "[I]n order to admit Rule 404(b) identity evidence on the signature facts or *modus operandi* theory, the District Court must make a threshold determination that, based solely on the evidence comparing the past acts and the charged offense, a reasonable juror could conclude that the same person committed both crimes." *United States v. Carroll*, 207 F.3d 465, 469 (8th Cir. 2000). "Two factors are relevant in analyzing the question. The first is the distinctiveness of the facts that make the crimes unique and the second is the proximity of the crimes in space and time." *Id*.

Here, the location is the same and the time is not so remote to exclude on that basis. Thus, the Government must show that these crimes are distinct from other bank vault robberies such that the *modus operandi* indicates that Ms. Whitmore committed the charged crimes like the prior crimes.

Ms. Whitmore contends that there is nothing distinct about how the charged robberies were carried out that would make them her "signature" or identify her as the perpetrator. She contends it is common knowledge that a vault or safe deposit box would have to be accessed by

3

drilling. The Government disagrees and contends that only an employee like Ms. Whitmore would know how to avoid the facility's security systems and time the robberies to minimize the presence of employees and customers.

The Government may be able to demonstrate both the similarities between the prior acts and the charged crimes and the distinctness of these crimes from garden-variety robberies of banks or secured vaults. Thus, at this time I will not preclude the Government from offering the statements to support its *modus operandi* theory. However, if the Government intends to offer the statements for that purpose, I will conduct a more thorough hearing on these issues prior to trial, which may include testimony or other evidence to satisfy the Government's burden.

I THEREFORE ORDER that Ms. Whitmore's motion in limine **(ECF No. 129) is DENIED** without prejudice.

I FURTHER ORDER counsel for the Government and Ms. Whitmore to confer about whether the Government intends to offer the statements in support of its *modus operandi* theory and, if so, the scheduling of a hearing on these issues and whether the hearing will include evidence or just argument. Counsel shall notify my chambers by February 3, 2020 about the results of their conference.

DATED this 13th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE