UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>SYLVIANE DELLA WHITMORE, et al.,<br><br>  Defendants | Case No.: 2:17-cr-00110-APG-DJA<br><br>**Preliminary Forfeiture Order as to Defendant Sylviane Della Whitmore**<br><br>[ECF No. 232] |

A jury convicted Sylviane Whitmore of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count 1), interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Count 2), money laundering in violation 18 U.S.C. § 1957 (Counts 6-7 and 28-32), and interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (Count 12). ECF Nos. 8; 227; 309.  The United States seeks criminal forfeiture against Whitmore of real property located at 10270 Hammerschmidt Court in Las Vegas and a $368,362.13 money judgment.  Because the government has proved by a preponderance of the evidence that the Hammerschmidt property and $368,362.13 were proceeds of Whitmore's money laundering offenses, I order forfeiture of both.

**I. BACKGROUND**

The jury convicted Whitmore of robbing 24/7 Private Vaults (24/7), which was a Las Vegas storage company.  It also convicted her of money laundering $269,000 (Count 6) and $190,000 (Count 28), for a total of $459,000, and then further laundering some of those funds by using $90,637.87 to purchase the Hammerschmidt property (Count 30).  The government requests forfeiture of the money and property as proceeds of Whitmore's offenses.  It concedes that if I order forfeiture of the Hammerschmidt property, I must correspondingly reduce any

money judgment against Whitmore by $90,637.87 (the amount of tainted funds spent to purchase the property). ECF No. 310 at 2.

Whitmore responds that forfeiture of the Hammerschmidt property is excessive because the value of the property is well beyond $90,637.87. ECF Nos. 235; 313. She also argues that the government has not shown that she purchased the property entirely with tainted funds, rather than with a combination of tainted and untainted funds. She contends that any forfeiture of the Hammerschmidt property should therefore be partial and proportional to the $90,637.87 in tainted funds used to purchase the property. She also challenges the nexus between the cash and her convictions, arguing that the funds were gifts from her parents. She submits handwritten notes she claims show that the $269,000 in Count 6 and the $190,000 in Count 28 were gifts. ECF Nos. 313-1; 313-4. And she argues that she is in fact innocent, pointing to a purported confession letter that was the subject of a previous motion for new trial, which I denied. ECF No. 297.

## II. ANALYSIS

"As soon as practical after a verdict . . . the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). The government bears the burden of proving, by a preponderance of the evidence, a nexus between the property sought and the crime. *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011). I must order criminal forfeiture of any property, real or personal, which was involved in money laundering, or any property traceable to such property. 18 U.S.C. § 981(a)(1)(A); 28 U.S.C. § 2461(c). Property involved in a money laundering offense "includes the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense. Facilitation occurs when the property

makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1997) (cleaned up).[1]  Property is traceable to a money laundering offense if the defendant purchased that property using laundered funds. *Id.*  I may order an in personam money judgment as forfeiture. *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011), *abrogated on other grounds by Honeycutt v. United States*, 581 U.S. 443 (2017).

      The government has proved by a preponderance of the evidence a nexus between Whitmore's money laundering offenses and the assets it seeks.[2]  Whitmore's arguments that she is in fact innocent have already been litigated and rejected. ECF No. 297.  And the evidence she presents to show the funds were legitimate—handwritten notes purportedly memorializing gifts of cash from her parents—does not overcome the fact that the jury found her guilty of money laundering.  Whitmore laundered a total of $459,000, so those funds are forfeitable as property involved in or traceable to money laundering.  Whitmore also laundered $90,637.87 of those funds to partially finance her purchase of the Hammerschmidt property.  Thus, the Hammerschmidt property is subject to forfeiture as property involved in or traceable to the money laundering offense.

      Whitmore argues that the government is entitled to only a portion of the property because some of it was purchased with legitimate funds.  But "that is not what [§ 981(a)(1)(A) says] . . . it provides for forfeiture of any property, real or personal, involved in money laundering." *In re*

---

[1] 18 U.S.C. § 982(a)(1), which appears to be applicable but which the government did not brief, also uses the "involved in" or "traceable to" standard for money laundering offenses.  Some cases cited in this order refer to § 982(a)(1) rather than § 981(a)(1)(A).

[2] I therefore need not address whether the government is entitled to forfeiture due to Whitmore's other convictions.

*650 Fifth Ave. & Related Props.*, 777 F. Supp. 2d 529, 566 n.11 (S.D.N.Y. 2011) (simplified).[3] It appears that most courts reject proportional property forfeiture in similar circumstances.[4] Whitmore points to *United States v. Loe*, 49 F. Supp. 2d 514 (E.D. Tex. 1999), where the court ordered partial forfeiture of real property proportional to the tainted funds used to purchase the property. But in that case, the purchase of the property was not charged as a money laundering offense. Here, the government does not seek forfeiture of the Hammerschmidt property merely because it was purchased with laundered funds. Rather, it seeks forfeiture because Whitmore was convicted of using the Hammerschmidt property to launder funds. The Hammerschmidt property was therefore "involved in" money laundering because it helped facilitate the offense. And even if *Loe* perfectly mirrored this case, the weight of authority remains in favor of ordering forfeiture of the entire Hammerschmidt property. I order forfeiture of the Hammerschmidt property and a $368,362.13 money judgment ($459,000 minus the $90,637.87 used to purchase the property).

/ / / /

---

[3] *In re 650 Fifth Ave* distinguishes between property traceable to a money laundering offense and property involved in a money laundering offense. The court said that the former requires proportional forfeiture, while the latter requires forfeiture of the entire property. I need not address this distinction because the Hammerschmidt property facilitated money laundering, so it was "involved in" the offense. *See Bornfield*, 145 F.3d at 1135.

[4] *See, e.g., United States v. Miller*, 911 F.3d 229, 232-34 (4th Cir. 2018) (holding that "[p]roperty involved in a money laundering offense is forfeitable in its entirety, even if legitimate funds have also been invested in the property"); *United States v. Beltramea*, 160 F. Supp. 3d 1119, 1128 (N.D. Iowa 2016) (declining to divide real property despite the fact that defendant also spent untainted funds toward the property), *aff'd* 849 F.3d 753 (8th Cir. 2017); *United States v. Real Property Known as 1700 Duncanville Road*, 90 F. Supp. 2d 737, 741 (N.D. Tex. 2000) (where purchase of property was itself a money laundering transaction, "it is immaterial that [defendant] may have also used untainted funds for its purchase"), *aff'd* 250 F.3d 738 (5th Cir. 2001); *United States v. One 1987 Mercedes Benz 300E*, 820 F. Supp. 248, 252-253 (E.D. Va. 1993) (entire vehicle forfeited even if purchased partially with legitimate funds, because "by using the Mercedes purchase as a means of laundering," defendant subjected entire vehicle to forfeiture).

## III. CONCLUSION

I THEREFORE ORDER that the following property was involved in defendant Sylviane Della Whitmore's money laundering offenses, or is property traceable to such property:

(1) Real property located at 10270 Hammerschmidt Court, Las Vegas, Nevada 89135, more particularly described as: Lot Eighty-Three (83) in Block Two (2) of Sierra Woods at Summerlin - Unit 1, as shown by map thereof on file in Book 83 of plats, page 92 in the Office of the County Recorder of Clark County, Nevada, together with all improvements and appurtenances thereon, APN: 164-12-711-051 (10270 Hammerschmidt Court); and

(2) $368,362.13.

I FURTHER ORDER that the United States of America may seize 10270 Hammerschmidt Court.  All possessory rights, ownership rights, and all rights, titles, and interests of defendant Sylviane Della Whitmore, aka "Sylviane Cordova," in that property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

I FURTHER ORDER that the United States of America shall publish for at least 30 consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe 10270 Hammerschmidt Court, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6).  The United States of America shall also send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of that property.

I FURTHER ORDER that any individual or entity who claims an interest in 10270 Hammerschmidt Court must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in that property under 21 U.S.C. § 853(n)(2). The petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746; and shall set forth the nature and extent of the petitioner's right, title, or interest in 10270 Hammerschmidt Court; the time and circumstances of the petitioner's acquisition of the right, title, or interest in that property; any additional facts supporting the petitioner's claim; and the relief sought. Any petition must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than 30 days after direct notice is sent or, if direct notice was not sent, no later than 60 days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier. A copy of the petition, if any, shall be served upon the United States Attorney's Office for the District of Nevada at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Misty L. Dante
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

I FURTHER ORDER that the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit 10270 Hammerschmidt Court.

I FURTHER ORDER that defendant Sylviane Della Whitmore, aka "Sylviane Cordova," shall pay to the United States of America an in personam criminal forfeiture money judgment of $368,362.13, not to be held jointly and severally liable with any codefendant. The property at

10270 Hammerschmidt Court will not be applied toward the payment of the money judgment except upon motion for substitute property forfeiture.

I FURTHER ORDER that on the government's motion, I may enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

I FURTHER ORDER the Clerk of the Court to send copies of this order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 29th day of June, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE