JASON M. FRIERSON  
United States Attorney  
Nevada Bar No. 7709  
DANIEL D. HOLLINGSWORTH  
Assistant United States Attorney  
Nevada State Bar No. 1925  
501 Las Vegas Boulevard South, Suite 1100  
Las Vegas, Nevada 89101  
(702) 388-6336  
Daniel.Hollingsworth@usdoj.gov  
Attorneys for the United States  

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SYLVIANE DELLA WHITMORE,<br>a/k/a: "Sylviane Cordova,"<br><br>Defendant. | 2:17-CR-110-APG-DJA<br><br>**United States of America's Unopposed Motion for an Interlocutory Order of Sale of 3189 Pinehurst Dr., Unit C, Las Vegas, Nevada 89109, and Order** |

The United States moves this Court to issue an Order for an Interlocutory Sale of 3189 Pinehurst Dr., Unit C, Las Vegas, Nevada 89109 (3189 Pinehurst Drive, Unit C,).[1]

---

[1] 3189 Pinehurst Drive, Unit C, Las Vegas, Nevada 89109, more particularly described as: PARCEL I: UNIT "C," BUILDING ELEVEN (11) OF LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES - TOWNHOME CONDOMINIUMS - PHASE 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 14 OF PLATS, PAGE 10, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. PARCEL II: AN UNDIVIDED 1/47TH INTEREST IN AND TO THE COMMON AREAS TOGETHER WITH AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. 11-C OF LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES - TOWNHOUSE CONDOMINIUMS PHASE ONE, AS THE SAME IS ESTABLISHED IN THE PLAN RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, IN BOOK 14, PAGE 10, AND AS AMENDED IN BOOK 205, PAGE 164, AND THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, OFFICIAL RECORDS, BOOK 206, AS DOCUMENT NO. 165836; PARCEL III: THE FOLLOWING APPURTENANT EASEMENT: AN EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER CERTAIN STREETS CREATED IN THE DECLARATION OF EASEMENTS, RIGHTS, CONDITIONS AND RESTRICTIONS RECORDED IN BOOK 941 AS INSTRUMENT NO. 755353 AND IN THE DECLARATION OF EASEMENTS, RIGHTS, CONDITIONS AND RESTRICTIONS RECORDED IN BOOK 941 AS INSTRUMENT NO. 755358, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 162-10-717-042.

Sylviane Della Whitmore, a/k/a Sylviane Cordova (Whitmore) owns 3189 Pinehurst Drive, Unit C, and has agreed, through her attorney, Lisa Rasmussen, to substitute, to forfeit, and to have an interlocutory order of sale of 3189 Pinehurst Drive, Unit C. Through this Interlocutory Order of Sale, IRS-CI, Whitmore, and her counsel Ms. Rasmussen requests this Court to authorize Doug Sawyer, Broker/Salesman, CFAC, CRS, GRI, to sell 3189 Pinehurst Drive, Unit C, through one of the approved sale methods.

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. STATEMENT OF THE CASE**

The government incorporates the facts of the Superseding Criminal Indictment, the admitted trial exhibits, the trial testimony, the district court decisions, and the PSR.[2]

A jury and this Court found Whitmore guilty of Counts 1, 2, 6-7, 12, and 28-32 of the 33-Count Superseding Criminal Indictment charging her in Count 1 with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951; in Count 2 with interference with commerce by robbery in violation of 18 U.S.C. § 1951; in Counts 6-7 and 28-32 with money laundering in violation 18 U.S.C. § 1957; and in Count 12 with interstate transportation of stolen property in violation of 18 U.S.C. § 2314.

**II. ARGUMENT**

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the

---

[2] LR IA 10-3(a); SI, ECF No. 8; Jury Verdict, ECF No. 227; Minutes of Jury Trial, ECF No. 229; Order in Transcript, ECF No. 247 at 32; Order, ECF No. 297; Order, ECF No. 309; Preliminary Order of Forfeiture (POOF), ECF No. 322; Motion to Suggest Revisions or Modifications to the Preliminary Order of Forfeiture (MSRM), ECF No. 341 and Exhibit A, Ex. A, Chaney's LIBR Schedule; Amended Joint Exhibits (Ex.) 1-45, ECF No. 222: Ex. 38 at 4464-4467, 4471-4472, 4591-4592, 4600, Nevada State Bank Account 0682; Ex. 44 at 2444-2460, 2553-2561, Bank of America Account 9488; Ex. 22 Suzette Whitmore death Certificate; Ex. 11 at 1372, Ticor Title Final Disbursement; Ex. 12, Ticor Title Inbound Wire Transaction of $90,637.87; Ex. 40 at 5366-5373, Wells Fargo Accounts 0683 and 4706; Ex. 45 at 3014-3018, Ex. 41 at 3123-3136, Bank of America Account 8891; Ex. 26 at 1712-1715, Cadillac Title Ownership; 6/23/21 Trial Transcript 77-103, testimony of Detective Gary Chaney; PSR.

Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."[3] Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive.[4]

> On motion *by a party or a person having custody of the property*, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.[5]

Whitmore and her Counsel have agreed to the substitution and forfeiture of, and the interlocutory order of sale of, 3189 Pinehurst Drive, Unit C, because she would like it sold in the early part of 2024. IRS-CI, Whitmore, and Ms. Rasmussen, her counsel, request this Court to authorize Doug Sawyer to sell 3189 Pinehurst Drive, Unit C. Whitmore decided to sell 3189 Pinehurst Drive, Unit C, for $304,900. The sale price for 3189 Pinehurst Drive, Unit C, at Redfin.com is $304,176, at Zillow.is $276,000, and at Realtor.com is $292,572.

The grounds for issuing the Order for an Interlocutory Sale are: (1) the property is at risk of deterioration as time passes, (2) the value of the property depreciates as mortgage interest rates have increased, (3) taxes will continue to accrue and need to be paid (4) HOA fees of more than $400 per month will continue to accrue and need to be paid, (5) Whitmore wants to sell the property, and (6) Whitmore wants the remaining net sale proceeds, after the expenses, costs, third-party petitioners' interests, maintenance fees, etc., are paid, placed in the United States Treasury Suspense Account in an interest-bearing account until the appeal is completed.[6]

---

[3] Fed. R. Crim. P. 32.2(b)(7).
[4] *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA,* No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (same).
[5] Supplemental Rules G(7)(b)(i)(A)-(D) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (Supplemental Rules) (paragraphs omitted; emphasis added).
[6] *United States v. Hurbace*, 2:17-cr-00110-APG-CWH, 2019 WL 1984139, *1-2 (D. Nev. Apr. 10, 2019), *adopted report and recommendation,* 2:17-cr-00110-APG-CWH, 2019 WL 1983042, *1 (D. Nev. May 2, 2019).

...

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or *by any person the court designates*."[7] Doug Sawyer will sell the real property under "28 U.S.C. §§ 2001, 2002, and 2004."[8] The listing through the multiple listing service and at least 50 other major internet websites for real property meets the requirements of 28 U.S.C. §§ 2001, 2002, and 2004.

The reason for the interlocutory sale of this property is good cause: (a) Whitmore wants 3189 Pinehurst Drive, Unit C, sold (b) she wants to preserve the net sale proceeds to pay her forfeiture money judgment, (c) she wants to stop paying taxes, HOA fees, and management fees, (d) she is concerned the property is at risk of deterioration as time passes, (e) she is concerned that if mortgage rates increase, the value of the property could decrease, and (f) she wants to avoid accidents and liability accruing against her and the real property.[9] If an accident occurred on the property, that would rapidly decrease the property's equity. Whitmore and the government seek to preserve as much of the equity as possible to pay toward her forfeiture money judgment subject to her appeal.[10]

In *Fisch*, the property was substituted and forfeited and was divisible with the defendant's wife.[11] The "[s]ale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action."[12]

/ / /

/ / /

/ / /

/ / /

---

[7] Supplemental Rules G(7)(b)(ii) (emphasis added).
[8] Supplemental Rules G(7)(b)(iii).
[9] Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); *see United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389-90 (10th Cir. 1997).
[10] *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (granting the interlocutory sale to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").
[11] *United States v. Fisch*, No. H-11-722, 2016 WL 4702588, *2 (S.D. Tex. Sep. 8, 2016).
[12] Supplemental Rule G(7)(b)(iv) (brackets added); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).

**III. CONCLUSION**

For the foregoing reasons, this Court should order the interlocutory sale of 3189 Pinehurst Dr., Unit C, Las Vegas, Nevada 89109 with Doug Sawyer selling it for $304,900.

Dated: November 9, 2023.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE
DATED: November 13, 2023

5