# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYLVIANE DELLA WHITMORE,<br>aka "Sylviane Cordova,"<br><br>　　　　Defendant. | Case No.: 2:17-cr-110-APG-DJA<br><br>**Order Granting Motion to Amend Preliminary Order of Forfeiture as to Defendant Sylviane Della Whitmore**<br><br>[ECF No. 341] |

　　　　I previously entered a preliminary forfeiture order as to Sylviane Della Whitmore, aka "Sylviane Cordova." ECF No. 322.  The Government now moves to amend that order to, among other things, forfeit only a proportional interest in the real property subject to that order, and specify the forfeiture money amounts for each count. ECF No. 341.  Whitmore does not oppose the motion.  As required by Federal Rules of Criminal Procedure 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in Forfeiture Allegation Two of the Superseding Criminal Indictment and the offenses to which Whitmore was found guilty.  The motion is supported by good cause, so I hereby grant it.

　　　　I THEREFORE ORDER as follows:

　　　　The following property and money judgments are (1) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957, or any property traceable to such property; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1957 and 2314, specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(D) and 1956(c)(7)(A) with 1961(1)(B), or a conspiracy to commit such offenses; and (3) any property, real or personal, involved in violations of 18 U.S.C. § 1957, or any property traceable to such property and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 21 U.S.C. § 853(p):

　　　　1. $32,938.34 of 10270 Hammerschmidt Court, Las Vegas, Nevada 89135, more particularly described as: LOT EIGHTY-THREE (83) IN BLOCK TWO (2) OF

SIERRA WOODS AT SUMMERLIN - UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 83 OF PLATS, PAGE 92 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 164-12-711-051 (Hammerschmidt Property); and

2. *in personam* criminal forfeiture money judgments as follows:

| | |
|---|---|
| Count 1 | a criminal forfeiture money judgment of $459,000; |
| Count 2 | a criminal forfeiture money judgment of $459,000; |
| Count 6 | a criminal forfeiture money judgment of $269,000; |
| Count 7 | a criminal forfeiture money judgment of $178,034.70; |
| Count 12 | a criminal forfeiture money judgment of $32,938; |
| Count 28 | a criminal forfeiture money judgment of $190,000; |
| Count 29 | a criminal forfeiture money judgment of $18,899.37; |
| Count 30 | a criminal forfeiture money judgment of $32,938.34; |
| Count 31 | a criminal forfeiture money judgment of $76,263.01; and |
| Count 32 | a criminal forfeiture money judgment of $76,263.01. |

The total amount of the money judgment that can be collected will not exceed $459,000. If the Hammerschmidt Property is sold, the net equity-after fees, costs, and expenses-will be applied first to the criminal forfeiture money judgment amount of Count 30 and then toward the payment of the rest of the criminal forfeiture money judgments amount.

I may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The *in personam* criminal forfeiture money judgments comply with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

The United States is now entitled to, and should seize the above property.

The United States of America may recover from Sylviane Della Whitmore, aka "Sylviane Cordova," an in personam criminal forfeiture money judgment of $459,000.

All possessory rights, ownership rights, and all rights, titles, and interests of Sylviane Della Whitmore, aka "Sylviane Cordova," in the above property are forfeited and are vested in the United States of America and shall be safely held by it until further order of the court.

The United States will publish for at least 30 consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6).  Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

Any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.  Any such petition must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than 30 days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.  A copy of the petition, must be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

/ / / /

/ / / /

/ / / /

Daniel D. Hollingsworth
Assistant United States Attorney
Misty L. Dante
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

The notice described herein need not be published if a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

The Clerk of court is directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED November 17, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE