AO 245C (Rev. 09/20)  Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Sylviane Della Whitmore | Case Number:  2:17-cr-00110-APG-DJA-3 |
| aka Sylviane Cordova | USM Number:  54188-048 |
| Date of Original Judgment:  3/28/2024 | Lisa A Rasmussen |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1, 2, 6, 7, 12, 28, 29, 30, 31, 32 of the Superseding Criminal Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951 | Conspiracy to Interfere with Commerce by Robbery | 4/14/2012 | Count 1 |
| 18:1951 and 2 | Interference with Commerce by Robbery; Aiding and Abetting | 4/14/2012 | Count 2 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   all remaining   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/6/2024
Date of Imposition of Judgment

_____
Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

August 7, 2024
Date

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 1A                                                                  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   8

DEFENDANT:  Sylviane Della Whitmore
CASE NUMBER:  2:17-cr-00110-APG-DJA-3

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1957 and 2 | Money Laundering; Aiding and Abetting | 1/21/2012 | Count 6 |
| 18:1957 and 2 | Money Laundering; Aiding and Abetting | 10/7/2013 | Count 7 |
| 18:2314 | Interstate Transportation of Stolen Property | 5/26/2015 | Count 12 |
| 18:1957 and 2 | Money Laundering; Aiding and Abetting | 8/4/2014 | Count 28 |
| 18:1957 and 2 | Money Laundering; Aiding and Abetting | 4/11/2015 | Count 29 |
| 18:1957 and 2 | Money Laundering; Aiding and Abetting | 5/27/2015 | Count 30 |
| 18:1957 and 2 | Money Laundering; Aiding and Abetting | 5/28/2015 | Count 31 |
| 18:1957 and 2 | Money Laundering; Aiding and Abetting | 6/1/2015 | Count 32 |

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment                                                                (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___3___ of ___8___

DEFENDANT:   Sylviane Della Whitmore
CASE NUMBER:   2:17-cr-00110-APG-DJA-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
24 months, per count, concurrent.

☑ The court makes the following recommendations to the Bureau of Prisons:
 FCI Dublin, based on proximity to family and support system, length of sentence and proximity to outside health care if needed.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____   ☐ a.m.   ☐ p.m.   on _____ .

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☑ before 12 p.m. on  6/28/2024 - The surrender date was extended to September 27, 2024, per ECF No. 538.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  Sylviane Della Whitmore
CASE NUMBER:  2:17-cr-00110-APG-DJA-3

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years, per count, concurrent.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑   You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page    5    of    8

DEFENDANT:       Sylviane Della Whitmore
CASE NUMBER:     2:17-cr-00110-APG-DJA-3

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature   _____        Date    _____

Case 2:17-cr-00110-APG-DJA  Document 561  Filed 08/07/24  Page 6 of 55

AO 245C (Rev. 09/20)  Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

| | | Judgment—Page | 6 | of | 8 |

DEFENDANT:  Sylviane Della Whitmore
CASE NUMBER:  2:17-cr-00110-APG-DJA-3

## SPECIAL CONDITIONS OF SUPERVISION

1. Mental Health Treatment – You must participate in a mental health treatment program [outpatient] and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. Debt Obligations – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. No Contact – You must not communicate, or otherwise interact, with codefendant Hurbace, either directly or through someone else, without first obtaining the permission of the probation office.

5. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6. Home Confinement with Location Monitoring – You will be monitored by the form of location monitoring technology indicated below for the first 365 days of supervision. You must follow the rules and regulations of the location monitoring program. You must pay the costs of the program based on your ability to pay.

☒       Location monitoring technology at the discretion of the probation officer.

This form of location monitoring technology will be used to monitor the following restriction on your movement in the community:

☒       You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention).

AO 245C (Rev. 09/20)    Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___8___

DEFENDANT:    Sylviane Della Whitmore
CASE NUMBER:    2:17-cr-00110-APG-DJA-3

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 1,000.00 | $ 1,479,000.58 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **(see attached order regarding restitution)** | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $                    0.00 | $                    0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments                                                                                (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __8__

DEFENDANT:  Sylviane Della Whitmore
CASE NUMBER:  2:17-cr-00110-APG-DJA-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑  Lump sum payment of $ __$ 1,480,000.58__ due immediately, balance due

☐  not later than _____ , or
☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

It is further recommended that any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|

**2:17-cr-00110-APG-DJA- 1 Phillip Hurbace and**
**2:17-cr-00110-APG-DJA-3 Sylviane Whitmore are ordered to pay restitution, jointly and severally, in the**
**amount of $1,479,000.58.**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
  (see attached final order of forfeiture)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>SYLVIANE DELLA WHITMORE,<br>a/k/a: "Sylviane Cordova,"<br><br>                    Defendant. | 2:17-CR-110-APG-DJA<br><br>**Final Order of Forfeiture** |

The United States District Court for the District of Nevada entered an Order Granting Motion to Amend Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1), (b)(2), and (b)(5); 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 21 U.S.C. § 853(p). The jury, and this Court, found Sylviane Della Whitmore, a/k/a: "Sylviane Cordova," guilty of Counts 1-2, 6-7, 12, and 28-32, forfeiting $32,938.34 of 10270 Hammerschmidt Court, Las Vegas, Nevada 89135 (Hammerschmidt property) and imposing in personam criminal forfeiture money judgments set forth in Forfeiture Allegation Two of the Superseding Criminal Indictment. The United States has shown the requisite nexus to the offenses to which Sylviane Della Whitmore, a/k/a: "Sylviane Cordova," was found guilty. Superseding Criminal Indictment, ECF No. 8; Minutes of Jury Trial, ECF No. 205 -208, 228 -229; Verdict Form, ECF No. 227; Order, ECF No. 247 at 32; Order, ECF No. 297; Minutes of Forfeiture Hearing, ECF No. 319; Order Granting Motion to Amend Preliminary Order of Forfeiture, ECF No. 366.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The following in personam criminal forfeiture money judgment amounts comply with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021):

Count 1 a criminal forfeiture money judgment of $459,000;

Count 2 a criminal forfeiture money judgment of $459,000;

Count 6 a criminal forfeiture money judgment of $269,000;

Count 7 a criminal forfeiture money judgment of $178,034.70;

Count 12 a criminal forfeiture money judgment of $32,938;

Count 28 a criminal forfeiture money judgment of $190,000;

Count 29 a criminal forfeiture money judgment of $18,899.37;

Count 30 a criminal forfeiture money judgment of $32,938.34;

Count 31 a criminal forfeiture money judgment of $76,263.01; and

Count 32 a criminal forfeiture money judgment of $76,263.01.

The total amount of the money judgment that can be collected will not exceed $459,000.

**Notice and Service for Amended Preliminary Order of Forfeiture**

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from November 23, 2023, through December 22, 2023, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 387-1, p. 5.

This Court finds the United States notified known third parties by personal service and by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Personal Service, ECF No. 412; Notice of Filing Service of Process – Mailing (NOFSOP-Amended POOF), ECF No. 424.

On January 11, 2024, the United States Attorney's Office served Briana Johnson, Clark County Assessor, by regular and certified return receipt mail with copies of the Order

/ / /

Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 141-142.

On January 18, 2024, the Internal Revenue Service personally served Briana Johnson, Clark County Assessor, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 3, 32-39.

On January 11, 2024, the United States Attorney's Office served Lynn Marie Goya, Clark County Clerk and on behalf of Clark County Water Reclamation District; the Commission Division; the Clark County Board of Commissioners; the Southern Nevada Water Authority; and the Las Vegas Valley Water District, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 9, 15-22, 137-138.

On January 18, 2024, the Internal Revenue Service personally served Lynn Marie Goya, Clark County Clerk and on behalf of Clark County Water Reclamation District; the Commission Division; the Clark County Board of Commissioners; the Southern Nevada Water Authority; and the Las Vegas Valley Water District, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 4, 32-39.

On January 11, 2024, the United States Attorney's Office served Steven B. Wolfson, Clark County District Attorney, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 11, 15-22, 159-160.

On January 18, 2024, the Internal Revenue Service personally served Steven B. Wolfson, Clark County District Attorney, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 5, 32-39.

/ / /

On January 11, 2024, the United States Attorney's Office served Debbie Conway, Clark County Recorder, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 9, 15-22, 127-128.

On January 18, 2024, the Internal Revenue Service personally served Debbie Conway, Clark County Recorder, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 6, 32-39.

On January 11, 2024, the United States Attorney's Office served J. Ken Diaz, Clark County Treasurer, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 9, 15-22, 129-130.

On January 18, 2024, the Internal Revenue Service personally served J. Ken Diaz, Clark County Treasurer, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 7, 32-39.

On January 11, 2024, the United States Attorney's Office served James B. Gibson, Chair of Clark County Commission; Vice President of Southern Nevada Water Authority; and Vice President of Las Vegas Valley Water District, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 9, 15-22, 135-136.

On January 18, 2024, the Internal Revenue Service personally served James B. Gibson, Chair of Clark County Commission; Vice President of Southern Nevada Water Authority; and Vice President of Las Vegas Valley Water District, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 8, 32-39.

/ / /

4

On January 11, 2024, the United States Attorney's Office served Kevin Schiller, Clark County Commission Manager, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 149-150.

On January 18, 2024, the Internal Revenue Service personally served Kevin Schiller, Clark County Commission Manager, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 9, 32-39.

On January 11, 2024, the United States Attorney's Office served Justin Jones, County Commissioner; Southern Nevada Water Authority; and Vice Chair of Clark County Water Reclamation, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 143-144.

On January 18, 2024, the Internal Revenue Service personally served Justin Jones, County Commissioner; Southern Nevada Water Authority; and Vice Chair of Clark County Water Reclamation, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 10, 32-39.

On January 11, 2024, the United States Attorney's Office served Marilyn Kirkpatrick, Chair of Las Vegas Valley Water District; and Chair of Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 145-146.

On January 18, 2024, the Internal Revenue Service personally served Marilyn Kirkpatrick, Chair of Las Vegas Valley Water District; and Chair of Southern Nevada Water Authority, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 11, 32-39.

On January 11, 2024, the United States Attorney's Office served John J. Entsminger, General Manager, Las Vegas Valley Water District and Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 9, 15-22, 133-134.

On January 18, 2024, the Internal Revenue Service personally served John J. Entsminger, General Manager, Las Vegas Valley Water District and Southern Nevada Water Authority, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 12, 32-39.

On January 11, 2024, the United States Attorney's Office served Gregory J. Walch, General Counsel Las Vegas Valley Water District and Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 11, 15-22, 157-158.

On January 18, 2024, the Internal Revenue Service personally served Gregory J. Walch, General Counsel, Las Vegas Valley Water District and Southern Nevada Water Authority, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 13, 32-39.

On January 11, 2024, the United States Attorney's Office served Dan Stewart, Vice Chair, Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 155-156.

On January 18, 2024, the Internal Revenue Service personally served Dan Stewart, Vice Chair, Southern Nevada Water Authority, with copies of the Order Granting Motion

/ / /

to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 14, 32-39.

On January 11, 2024, the United States Attorney's Office served the Southern Nevada Water Authority by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 153-154.

On January 18, 2024, the Internal Revenue Service personally served Olivia Diaz, Southern Nevada Water Authority, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 15, 32-39.

On January 11, 2024, the United States Attorney's Office served Tick Segerblom, Chairman of Clark County Water Reclamation and Vice-Chairman of the Clark County Commission, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 151-152.

On January 18, 2024, the Internal Revenue Service personally served Tick Segerblom, Chairman of Clark County Water Reclamation and Vice-Chairman of the Clark County Commission, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 16, 32-39.

On January 11, 2024, the United States Attorney's Office served Jeff Dorocak, City Attorney, City of Las Vegas, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 9, 15-22, 131-132.

On January 18, 2024, the Internal Revenue Service personally served Jeff Dorocak, City Attorney, City of Las Vegas, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 17, 32-39.

On January 11, 2024, the United States Attorney's Office served LuAnn Holmes, City Clerk, City Clerk of City of Las Vegas; and on behalf of City of Las Vegas Sewer, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 9, 15-22, 139-140.

On January 18, 2024, the Internal Revenue Service personally served LuAnn Holmes, City Clerk, City Clerk of City of Las Vegas; and on behalf of City of Las Vegas Sewer, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 18, 32-39.

On January 11, 2024, the United States Attorney's Office served Joey Paskey, Public Works Director of City of Las Vegas, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 10, 15-22, 147-148.

On January 18, 2024, the Internal Revenue Service personally served Joey Paskey, Public Works Director of City of Las Vegas, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 19, 32-39.

On January 11, 2024, the United States Attorney's Office attempted to serve Summerlin South Community Association, c/o Randy Ecklund, Registered Agent, at W. Charleston, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned not deliverable as addressed –unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 11, 15-22, 165-167.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o Randy Ecklund, at Festival Plaza Drive by regular and certified return receipt mail with copies of the Order Granting Motion to Amend

/ / /

Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 11, 15-22, 163-164.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Randy Ecklund, Registered Agent, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 20, 32-39.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Randy Ecklund, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 28, 32-39.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o Vincent Esposito, President, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 11, 15-22, 168-171.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Vincent Esposito, President, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 21, 32-39.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o Rachel Lyons, Secretary, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 11, 15-22, 172-175.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Rachel Lyons, Secretary, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 22, 32-39.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o Linda Adams, Treasurer, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 11, 15-22, 161-162.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Linda Adams, Treasurer, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 23, 32-39.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o Andreux Reynolds, Director, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 12, 15-22, 184-187.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Andreux Reynolds, Director, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 24, 32-39.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o Jennifer Pevoto, Director, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 12, 15-22, 176-179.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Jennifer Pevoto, Director, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 25, 32-39.

/ / /

On January 11, 2024, the United States Attorney's Office served and attempted to serve Summerlin South Community Association, c/o Anthony Taeubel, Director, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit since January 17, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 12, 15-22, 192-195.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Anthony Taeubel, Director, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 26, 32-39.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o John West, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 12, 15-22, 196-197.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o John West, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 27, 32-39.

On January 11, 2024, the United States Attorney's Office served Summerlin South Community Association, c/o Pamela Scott, Director, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 12, 15-22, 188-191.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o Pamela Scott, Director, with copies of the Order

/ / /

Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 29, 32-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Summerlin South Community Association, c/o David Redfearn, Director, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit since January 17, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 12, 15-22, 180-183.

On January 17, 2024, the Internal Revenue Service personally served Summerlin South Community Association, c/o David Redfearn, Director, with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 412-1, pg. 30, 32-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Bradley Burns and Lori Burns by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was not returned. The certified mail was returned unclaimed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 3, 15-22, 24-26.

On January 11, 2024, the United States Attorney's Office served Kelly Douglas Card (or Carn, Jr.) at S. Eastern Avenue by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 3, 15-22, 27-28.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Kelly Douglas Card (or Carn, Jr.) at Radcliff Street by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was not returned. The certified mail was returned unclaimed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 3, 15-22, 29-31.

On January 11, 2024, the United States Attorney's Office served Brent Lee Coralli by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 3, 15-22, 32-35.

On January 11, 2024, the United States Attorney's Office served the Estate of Larry Dean Coralli, c/o Brent Lee Coralli, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4, 15-22, 36-39.

On January 11, 2024, the United States Attorney's Office attempted to serve Larry Dean Coralli by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned attempted – not known, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4, 15-22, 40-42.

On January 11, 2024, the United States Attorney's Office served Lucia Garanin or Costin or Aranin or Yaramin at zip code 98029 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4, 15-22, 43-44.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Lucia Garanin or Costin or Aranin or Yaramin at zip code 98321 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit unclaimed being returned to sender. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4, 15-22, 45-48.

On January 11, 2024, the United States Attorney's Office served Jeffrey Haeberlin, by regular and certified return receipt mail with copies of the Order Granting Motion to

/ / /

13

Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4, 15-22, 49-50.

On January 11, 2024, the United States Attorney's Office served Nicole Hurbace / Nicole Gaudioso at Reynolds Avenue by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4, 15-22, 51-52.

On January 11, 2024, the United States Attorney's Office served Nicole Hurbace / Nicole Gaudioso at Moonlight View Court by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4, 15-22, 53-54.

On January 11, 2024, the United States Attorney's Office attempted to serve Nicole Hurbace / Nicole Gaudioso at Ten Gallon Court by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned attempted – not known, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 4-5, 15-22, 55-57.

On January 11, 2024, the United States Attorney's Office attempted to serve Nicole Hurbace / Nicole Gaudioso at Chestnut Ridge Circle by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned attempted – not known, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 5, 15-22, 58-60.

On January 11, 2024, the United States Attorney's Office served PITARO & FUMO, CHTD., Osvaldo E Fumo, Attorney for Phillip D. Hurbace, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 5, 15-22, 61-62.

/ / /

14

On January 11, 2024, the United States Attorney's Office served and attempted to serve Phillip Hurbace at 1035 Mountain Quail Road by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was not returned. The certified mail was returned unclaimed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 5, 15-22, 63-65.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Phillip Hurbace at 1055 Mountain Quail Road by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was not returned. The certified mail was returned unclaimed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 5, 15-22, 66-68.

On January 11, 2024, the United States Attorney's Office attempted to serve Phillip Hurbace at Oakhill Avenue by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned attempted – not known, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 5, 15-22, 69-71.

On January 11, 2024, the United States Attorney's Office served Vicki Hurbace by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 5, 15-22, 72-73.

On January 11, 2024, the United States Attorney's Office served the Estate of Carl Kenneth Hurst, c/o Teresa Hurst, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 6, 15-22, 74-75.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Carl Kenneth Hurst by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The

regular mail was not returned. The certified mail was returned not deliverable as addressed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 6, 15-22, 76-78.

On January 11, 2024, the United States Attorney's Office served Teresa Hurst by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 6, 15-22, 79-80.

On January 11, 2024, the United States Attorney's Office served Larry Anthony McDaniel by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 6, 15-22, 81-82.

On January 11, 2024, the United States Attorney's Office attempted to serve HILL FIRM, Daniel Hill, Attorney for Larry Anthony McDaniel, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned illegible, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 6, 15-22, 83-85.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Gloria Rodney at PO Box 284 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was not returned. The certified mail was returned unclaimed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 6, 15-22, 86-88.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Gloria Rodney at Mountain Quail Road by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was not returned. The certified mail was returned unclaimed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 6-7, 15-22, 89-91.

On January 11, 2024, the United States Attorney's Office served Kerin Schroeder by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 7, 15-22, 92-93.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Melinda Sebasovich at zip code 32082 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit since January 21, 2024. Neither mailing was returned. Lexis Public Records, Westlaw Public Records, and Accurint all list this location as her current location. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 7, 15-22, 94-97.

On January 11, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at zip code 32063 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned not deliverable as addressed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 7, 15-22, 98-101.

On January 11, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at zip code 89109 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned attempted – not known, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 7, 15-22, 102-104.

On January 11, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at zip code 89074, by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was returned attempted – not known, unable to forward. The certified mail was returned insufficient address, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 7, 15-22, 105-107.

17

On January 11, 2024, the United States Attorney's Office served Perry Stasi at Anthem Village Drive by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 7, 15-22, 108-109.

On January 11, 2024, the United States Attorney's Office served Perry Stasi at Villa Rica Drive by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 8, 15-22, 110-111.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Perry Stasi at Canvas Edge Drive by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was not returned. The certified mail was returned not deliverable as addressed, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 8, 15-22, 112-114.

On January 11, 2024, the United States Attorney's Office served Todd Vowell at zip code 84790 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 8, 15-22, 115-116.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Todd Vowell at zip code 84770 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail was returned attempted – not known, unable to forward. The certified mail return receipt was returned signed. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 8, 15-22, 117-119.

On January 11, 2024, the United States Attorney's Office served Robert Leroy Wolfe (or Kaufman) at zip code 89149 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 8, 15-22, 120-121.

On January 11, 2024, the United States Attorney's Office served Robert Leroy Wolfe (or Kaufman) at zip code 89131 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 8, 15-22, 122-123.

On January 11, 2024, the United States Attorney's Office attempted to serve Robert Leroy Wolfe (or Kaufman) at zip code 89044 by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. The regular mail and certified mail were both returned no such number, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 8, 15-22, 124-126.

On January 22, 2024, the United States Attorney's Office served Deborah Mayers by regular and certified return receipt mail with copies of the Order Granting Motion to Amend Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 424-1, pg. 13, 15-22, 198-200.

**Substitution and Forfeiture**

On November 13, 2023, the United States filed an Unopposed Motion to Substitute and to Forfeit Property of Sylviane Della Whitmore, a/k/a Cordova's 3189 Pinehurst Dr., Unit C, (Motion to Substitute), ECF No. 360[1].

---

[1] Real property located at 3189 Pinehurst Drive, Unit C, Las Vegas, Nevada 89109, more particularly described as:
PARCEL I: UNIT "C," BUILDING ELEVEN (11) OF LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES - TOWNHOME CONDOMINIUMS - PHASE 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 14 OF PLATS, PAGE 10, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.
PARCEL II: AN UNDIVIDED 1/47TH INTEREST IN AND TO THE COMMON AREAS TOGETHER WITH AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. 11-C OF LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES - TOWNHOUSE CONDOMINIUMS PHASE ONE, AS THE SAME IS ESTABLISHED IN THE PLAN RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, IN BOOK 14, PAGE 10, AND AS AMENDED IN BOOK 205, PAGE 164, AND THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, OFFICIAL RECORDS, BOOK 206, AS DOCUMENT NO. 165836;

On November 13, 2023, this Court granted the Motion to Substitute, ECF No. 362.

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from November 23, 2023, through December 22, 2023, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 388-1, p. 5.

This Court finds the United States notified known third parties by personal service and by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Personal Service, ECF No. 413; Notice of Filing Service of Process – Mailing, ECF No. 425.

On January 11, 2024, the United States Attorney's Office served Briana Johnson, Clark County Assessor, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 9, 15-21, 147-148.

On January 18, 2024, the Internal Revenue Service personally served Briana Johnson, Clark County Assessor, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 3, 33-39.

On January 11, 2024, the United States Attorney's Office served Lynn Marie Goya, Clark County Clerk and on behalf of Clark County Water Reclamation District; the Commission Division; the Clark County Board of Commissioners; the Southern Nevada Water Authority; and the Las Vegas Valley Water District, by regular and certified return

---

PARCEL III: THE FOLLOWING APPURTENANT EASEMENT: AN EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER CERTAIN STREETS CREATED IN THE DECLARATION OF EASEMENTS, RIGHTS, CONDITIONS AND RESTRICTIONS RECORDED IN BOOK 941 AS INSTRUMENT NO. 755353 AND IN THE DECLARATION OF EASEMENTS, RIGHTS, CONDITIONS AND RESTRICTIONS RECORDED IN BOOK 941 AS INSTRUMENT NO. 755358, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 162-10-717-042

receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 9, 15-21, 143-144.

On January 18, 2024, the Internal Revenue Service personally served Lynn Marie Goya, Clark County Clerk and on behalf of Clark County Water Reclamation District; the Commission Division; the Clark County Board of Commissioners; the Southern Nevada Water Authority; and the Las Vegas Valley Water District, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 4, 33-39.

On January 11, 2024, the United States Attorney's Office served Steven B. Wolfson, Clark County District Attorney, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10, 15-21, 163-164.

On January 18, 2024, the Internal Revenue Service personally served Steven B. Wolfson, Clark County District Attorney, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 5, 33-39.

On January 11, 2024, the United States Attorney's Office served Debbie Conway, Clark County Recorder, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 131-132.

On January 18, 2024, the Internal Revenue Service personally served Debbie Conway, Clark County Recorder, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 6, 33-39.

On January 11, 2024, the United States Attorney's Office served J. Ken Diaz, Clark County Treasurer, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 133-134.

On January 18, 2024, the Internal Revenue Service personally served J. Ken Diaz, Clark County Treasurer, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 7, 33-39.

On January 11, 2024, the United States Attorney's Office served James B. Gibson, Chair of Clark County Commission; Vice President of Southern Nevada Water Authority; and Vice President of Las Vegas Valley Water District, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 9, 15-21, 141-142.

On January 18, 2024, the Internal Revenue Service personally served James B. Gibson, Chair of Clark County Commission; Vice President of Southern Nevada Water Authority; and Vice President of Las Vegas Valley Water District, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 8, 33-39.

On January 11, 2024, the United States Attorney's Office served Kevin Schiller, Clark County Commission Manager, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10, 15-21, 155-156.

On January 18, 2024, the Internal Revenue Service personally served Kevin Schiller, Clark County Commission Manager, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 9, 33-39.

On January 11, 2024, the United States Attorney's Office served Justin Jones, County Commissioner; Southern Nevada Water Authority; and Vice Chair of Clark County Water Reclamation, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 9, 15-21, 149-150.

On January 18, 2024, the Internal Revenue Service personally served Justin Jones, County Commissioner; Southern Nevada Water Authority; and Vice Chair of Clark County

22

Water Reclamation, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 10, 33-39.

On January 11, 2024, the United States Attorney's Office served Marilyn Kirkpatrick, Chair of Las Vegas Valley Water District; and Chair of Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 9, 15-21, 151-152.

On January 18, 2024, the Internal Revenue Service personally served Marilyn Kirkpatrick, Chair of Las Vegas Valley Water District; and Chair of Southern Nevada Water Authority, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 11, 33-39.

On January 11, 2024, the United States Attorney's Office served John J. Entsminger, General Manager, Las Vegas Valley Water District and Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8-9, 15-21, 139-140.

On January 18, 2024, the Internal Revenue Service personally served John J. Entsminger, General Manager, Las Vegas Valley Water District and Southern Nevada Water Authority, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 12, 33-39.

On January 11, 2024, the United States Attorney's Office served Gregory J. Walch, General Counsel, Las Vegas Valley Water District and Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10, 15-21, 161-162.

On January 18, 2024, the Internal Revenue Service personally served Gregory J. Walch, General Counsel, Las Vegas Valley Water District and Southern Nevada Water

/ / /

Authority, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 13, 33-39.

On January 11, 2024, the United States Attorney's Office served Dan Stewart, Vice Chair, Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10, 15-21, 159-160.

On January 18, 2024, the Internal Revenue Service personally served Dan Stewart, Vice Chair, Southern Nevada Water Authority, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 14, 33-39.

On January 11, 2024, the United States Attorney's Office served Olivia Diaz, Southern Nevada Water Authority, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 135-136.

On January 18, 2024, the Internal Revenue Service personally served Olivia Diaz, Southern Nevada Water Authority, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 15, 33-39.

On January 11, 2024, the United States Attorney's Office served Tick Segerblom, Chairman of Clark County Water Reclamation and Vice-Chairman of the Clark County Commission, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10, 15-21, 157-158.

On January 18, 2024, the Internal Revenue Service personally served Tick Segerblom, Chairman of Clark County Water Reclamation and Vice-Chairman of the Clark County Commission, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 16, 33-39.

/ / /

On January 11, 2024, the United States Attorney's Office served Jeff Dorocak, City Attorney, City of Las Vegas, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 137-138.

On January 18, 2024, the Internal Revenue Service personally served Jeff Dorocak, City Attorney, City of Las Vegas, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 17, 33-39.

On January 11, 2024, the United States Attorney's Office served LuAnn Holmes, City Clerk, City Clerk of City of Las Vegas; and on behalf of City of Las Vegas Sewer, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 9, 15-21, 145-146.

On January 18, 2024, the Internal Revenue Service personally served LuAnn Holmes, City Clerk, City Clerk of City of Las Vegas; and on behalf of City of Las Vegas Sewer, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 18, 33-39.

On January 11, 2024, the United States Attorney's Office served Joey Paskey, Public Works Director of City of Las Vegas, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10, 15-21, 153-154.

On January 18, 2024, the Internal Revenue Service personally served Joey Paskey, Public Works Director of City of Las Vegas Sewer, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 19, 33-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Quadro Homeowners' Association, Sierra Community Management LLC, Registered Agent, c/o Mandy Endelman, by regular and certified return receipt mail with copies of the

Substitution and Forfeiture Order and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit since January 17, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 11-12, 15-21, 183-186.

On January 17, 2024, the Internal Revenue Service personally served Quadro Homeowners' Association, Sierra Community Management LLC, Registered Agent, c/o Mandy Endelman, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 20, 33-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Quadro Homeowners' Association, c/o Linda Newport, Director, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was not returned. The certified mail was returned as attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 12, 15-21, 196-198.

On January 17, 2024, the Internal Revenue Service personally served Quadro Homeowners' Association c/o Linda Newport, Director, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 21, 33-39.

On January 11, 2024, the United States Attorney's Office attempted to serve Quadro Homeowners' Association, c/o Elena Lungu, President, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was returned as insufficient address unable to forward. The certified mail was returned as attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 12, 15-21, 193-195.

On January 17, 2024, the Internal Revenue Service personally served Quadro Homeowners' Association c/o Elena Lungu, President, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 22, 33-39.

On January 11, 2024, the United States Attorney's Office attempted to serve Quadro Homeowners' Association, c/o RJ Hunziker, Director, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was returned as insufficient address unable to forward. The certified mail was returned as attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 12, 15-21, 190-192.

On January 17, 2024, the Internal Revenue Service attempted to serve Quadro Homeowners' Association c/o RJ Hunziker, Director, with copies of the Substitution and Forfeiture Order and the Notice. RJ Hunziker was no longer the Director. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 23, 33-39.

On January 11, 2024, the United States Attorney's Office attempted to serve Quadro Homeowners' Association, c/o Jonathan Hamrick, Secretary, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was returned as insufficient address unable to forward. The certified mail was returned as attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 12, 15-21, 187-189.

On January 17, 2024, the Internal Revenue Service personally served Quadro Homeowners' Association c/o Jonathan Hamrick, Secretary, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 24, 33-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Sierra Community Management LLC, Sierra Community Management LLC, Registered Agent, c/o Mandy Endelman, by regular and certified return receipt mail with the Notice and the Substitution and Forfeiture Order. The status of the certified mail is unknown as the post office has the document listed as in transit since January 17, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 11, 15-21, 179-182.

/ / /

On January 17, 2024, the Internal Revenue Service personally served Sierra Community Management LLC, Sierra Community Management LLC, Registered Agent c/o Mandy Endelman, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 25, 33-39.

On January 11, 2024, the United States Attorney's Office served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Gemma Sladky, Registered Agent, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 11, 15-21, 175-176.

On January 18, 2024, the Internal Revenue Service personally served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Gemma Sladky, Registered Agent, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 26, 33-39.

On January 11, 2024, the United States Attorney's Office served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Bette Leal, Secretary, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 11, 15-21, 170-171.

On January 18, 2024, the Internal Revenue Service personally served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Bette Leal, Secretary, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 27, 33-39.

On January 11, 2024, the United States Attorney's Office served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Jill Knowland, Treasurer, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10-11, 15-21, 168-169.

/ / /

On January 18, 2024, the Internal Revenue Service personally served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Jill Knowland, Treasurer, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 28, 33-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Gina Rucker, Director, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was returned as no mail receptacle unable to forward. The certified mail return receipt was returned signed. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 11, 15-21, 172-174.

On January 18, 2024, the Internal Revenue Service personally served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Gina Rucker, Director, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 29, 33-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Scott Groneman, Director, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was not returned. The certified mail was returned as unclaimed unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 10, 15-21, 165-167.

On January 18, 2024, the Internal Revenue Service personally served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Scott Groneman, Director, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 30, 33-39.

On January 11, 2024, the United States Attorney's Office served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Alan Stamm, President, by regular and certified return receipt mail with copies of the Substitution and

/ / /

29

Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 11, 15-21, 177-178.

On January 18, 2024, the Internal Revenue Service personally served Las Vegas International Country Club Estates Home Owners Association, Inc., c/o Alan Stamm, President, with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 413-1, pg. 31, 33-39.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Bradley Burns and Lori Burns by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was not returned. The certified mail was returned as unclaimed unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 3, 15-21, 23-25.

On January 11, 2024, the United States Attorney's Office served Kelly Douglas Card (or Carn, Jr.) at S. Eastern Avenue by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 3, 15-21, 26-27.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Kelly Douglas Card (or Carn, Jr.) at Radcliff Street by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was not returned. The certified mail was returned as unclaimed unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 3, 15-21, 28-30.

On January 11, 2024, the United States Attorney's Office served Brent Lee Coralli by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 3, 15-21, 31-34.

On January 11, 2024, the United States Attorney's Office served the Estate of Larry Dean Coralli, c/o Brent Lee Coralli by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 3, 15-21, 35-38.

On January 11, 2024, the United States Attorney's Office attempted to serve Larry Dean Coralli by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were both returned attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4, 15-21, 39-41.

On January 11, 2024, the United States Attorney's Office served Lucia Garanin or Costin or Aranin or Yaramin at zip code 98029 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4, 15-21, 42-43.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Lucia Garanin or Costin or Aranin or Yaramin at zip code 98321 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit since February 18, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4, 15-21, 44-48.

On January 11, 2024, the United States Attorney's Office served Jeffrey Haeberlin by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4, 15-21, 49-50.

On January 11, 2024, the United States Attorney's Office served Nicole Hurbace / Nicole Gaudioso at Reynolds Avenue by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4, 15-21, 51-52.

On January 11, 2024, the United States Attorney's Office served Nicole Hurbace / Nicole Gaudioso at Moonlight View Court by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4, 15-21, 53-54.

/ / /

On January 11, 2024, the United States Attorney's Office attempted to serve Nicole Hurbace / Nicole Gaudioso at Ten Gallon Court by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were both returned attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4, 15-21, 55-57.

On January 11, 2024, the United States Attorney's Office attempted to serve Nicole Hurbace / Nicole Gaudioso at Chestnut Ridge Circle by regular and certified return receipt. mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were both returned attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 4-5, 15-21, 58-60.

On January 11, 2024, the United States Attorney's Office served PITARO & FUMO, CHTD., Osvaldo E Fumo, Attorney for Phillip D. Hurbace, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 5, 15-21, 61-62.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Phillip Hurbace at 1035 Mountain Quail Road by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The status of the certified mail is unknown as the post office has the document listed as available for pickup since February 7, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 5, 15-21, 63-66.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Phillip Hurbace at 1055 Mountain Quail Road by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The status of the certified mail is unknown as the post office has the document listed as available for pickup since February 7, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 5, 15-21, 67-70.

On January 11, 2024, the United States Attorney's Office attempted to serve Phillip Hurbace at Oakhill Avenue by regular and certified return receipt mail with copies of the

Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were both returned attempted – not known unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 5, 15-21, 71-73.

On January 11, 2024, the United States Attorney's Office served Vicki Hurbace by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 5, 15-21, 74-75.

On January 11, 2024, the United States Attorney's Office served the Estate of Carl Kenneth Hurst c/o Teresa Hurst by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 5, 15-21, 76-77.

On January 11, 2024, the United States Attorney's Office attempted to serve Carl Kenneth Hurst by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were both returned not deliverable as addressed unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 5-6, 15-21, 78-81.

On January 11, 2024, the United States Attorney's Office served Teresa Hurst by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 6, 15-21, 82-83.

On January 11, 2024, the United States Attorney's Office served Larry Anthony McDaniel by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 6, 15-21, 84-85.

On January 11, 2024, the United States Attorney's Office attempted to serve HILL FIRM, Daniel Hill, Attorney for Larry Anthony McDaniel, by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The

/ / /

33

regular mail and certified mail were both returned illegible unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 6, 15-21, 86-88.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Gloria Rodney at PO Box 284 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was not returned. The certified mail was returned as unclaimed unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 6, 15-21, 89-91.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Gloria Rodney at Mountain Quail Road by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The status of the certified mail is unknown as the post office has the document listed as available for pickup since February 7, 2024. Neither mailing was returned. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 6, 15-21, 92-95.

On January 11, 2024, the United States Attorney's Office served Kerin Schroeder by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 6, 15-21, 96-97.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Melinda Sebasovich at zip code 32082 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit since January 21, 2024. Neither mailing was returned. Lexis Public Records, Westlaw Public Records, and Accurint all list this location as her current location. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 6-7, 15-21, 98-101.

On January 11, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at zip code 32063 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were

/ / /

34

both returned not deliverable as addressed unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 7, 15-21, 102-105.

On January 11, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at zip code 89109 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were both returned attempted – not known, unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 7, 15-21, 106-108.

On January 11, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at zip code 89074 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was returned as attempted – not known unable to forward. The certified mail was returned as insufficient address – unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 7, 15-21, 109-111.

On January 11, 2024, the United States Attorney's Office served Perry Stasi at Anthem Village Drive by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 7, 15-21, 112-113.

On January 11, 2024, the United States Attorney's Office served Perry Stasi at Villa Rica Drive by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 7, 15-21, 114-115.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Perry Stasi at Canvas Edge Drive by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was not returned. The certified mail was returned as not deliverable as addressed unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 7, 15-21, 116-118.

On January 11, 2024, the United States Attorney's Office served Todd Vowell at zip code 84790 by regular and certified return receipt mail with copies of the Substitution and

Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 7, 15-21, 119-120.

On January 11, 2024, the United States Attorney's Office served and attempted to serve Todd Vowell at zip code 84770 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail was returned as not deliverable as addressed. The certified mail return receipt was returned signed. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 121-123.

On January 11, 2024, the United States Attorney's Office served Robert Leroy Wolfe (or Kaufman) at zip code 89149 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 124-125.

On January 11, 2024, the United States Attorney's Office served Robert Leroy Wolfe (or Kaufman) at zip code 89131 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 126-127.

On January 11, 2024, the United States Attorney's Office attempted to serve Robert Leroy Wolfe (or Kaufman) at zip code 89044 by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. The regular mail and certified mail were both returned no such number unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 8, 15-21, 128-130.

On January 22, 2024, the United States Attorney's Office served Deborah Mayers by regular and certified return receipt mail with copies of the Substitution and Forfeiture Order and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 425-1, pg. 12, 15-21, 199-201.

This Court finds no petition as to Sylviane Della Whitmore, a/k/a: "Sylviane Cordova," was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

/ / /

This Court finds no petitions as to Sylviane Della Whitmore, a/k/a: "Sylviane Cordova," are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. $32,938.34 of 10270 Hammerschmidt Court, Las Vegas, Nevada 89135, more particularly described as:

LOT EIGHTY-THREE (83) IN BLOCK TWO (2) OF SIERRA WOODS AT SUMMERLIN – UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 83 OF PLATS, PAGE 92 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 164-12-711-051

(forfeited property); if the Hammerschmidt Property is sold, the net equity-after fees, costs, and expenses-will be applied first to the criminal forfeiture money judgment amount of Count 30 and then toward the payment of the rest of the criminal forfeiture money judgment amounts; and

that the United States recover from Sylviane Della Whitmore, a/k/a: "Sylviane Cordova," the in personam criminal forfeiture money judgment of $459,000, and that the forfeited property will be applied toward the payment of the money judgment under Ninth Circuit case law, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A); and

that all possessory rights, ownership rights, and all rights, titles, and interests in the substitute property hereinafter described are condemned, forfeited, and vested in the United States:

The substituted real property located at 3189 Pinehurst Drive, Unit C, Las Vegas, Nevada 89109, more particularly described as:

PARCEL I: UNIT "C," BUILDING ELEVEN (11) OF LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES - TOWNHOME CONDOMINIUMS - PHASE 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 14 OF PLATS, PAGE 10, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II: AN UNDIVIDED 1/47TH INTEREST IN AND TO THE COMMON AREAS TOGETHER WITH AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. 11-C OF LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES - TOWNHOUSE CONDOMINIUMS PHASE ONE, AS THE SAME IS ESTABLISHED IN THE PLAN RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, IN BOOK 14, PAGE 10, AND AS AMENDED IN BOOK 205, PAGE 164, AND THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, OFFICIAL RECORDS, BOOK 206, AS DOCUMENT NO. 165836;

PARCEL III: THE FOLLOWING APPURTENANT EASEMENT: AN EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER CERTAIN STREETS CREATED IN THE DECLARATION OF EASEMENTS, RIGHTS, CONDITIONS AND RESTRICTIONS RECORDED IN BOOK 941 AS INSTRUMENT NO. 755353 AND IN THE DECLARATION OF EASEMENTS, RIGHTS, CONDITIONS AND RESTRICTIONS RECORDED IN BOOK 941 AS INSTRUMENT NO. 755358, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 162-10-717-042

(substitute property) and that the net sale proceeds of the substitute property will be applied toward the payment of the money judgments under Ninth Circuit case law, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A); and

the forfeiture of (1) the money judgments, (2) the forfeited property, and (3) the substitute property are imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); Fed. R. Crim. P. 32.2(e)(1)(B); 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(p); and 21 U.S.C. § 853(n)(7); the money judgments shall be collected; the forfeited property shall be collected, the proceeds of the substitute property shall be collected; and all collected amounts shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the forfeited property and the substitute property are extinguished and are not recognized as to all potential third parties, and the following individuals and entities:

/ / /

38

1.  Sylviane Della Whitmore, a/k/a: "Sylviane Cordova," Larry Anthony McDaniel, Phillip D. Hurbace;

2.  Clark County, Nevada, including the following offices: Clark County District Attorney, Clark County Treasurer, Clark County Assessor, Clark County Recorder, Clark County Clerk, Las Vegas Valley Water District, Southern Nevada Water Authority, Clark County Water Reclamation, Clark County Commission, Clark County Board of Commissioners;

3.  City of Las Vegas, including the following offices: City Attorney, City Clerk, City of Las Vegas Sewer, Public Works of City of Las Vegas;

4.  Las Vegas International Country Club Estates Home Owners Association, Inc.; Quadro Homeowners' Association; Sierra Community Management LLC; and Summerlin South Community Association; and

5.  Bradley Burns and Lori Burns, Kelly Douglas Card (Or Carn, Jr.), Larry Dean Coralli, Estate of Larry Dean Coralli, Brent Lee Coralli, Lucia Garanin or Costin or Aranin or Yaramin, Jeffrey Haeberlin, Nicole Hurbace / Nicole Gaudioso; Vicki Hurbace, Carl Kenneth Hurst, The Estate of Carl Kenneth Hurst, Teresa Hurst, Deborah Mayers, Melinda Sebasovich, Kerin Schroeder, Perry Stasi, Todd Vowell, Robert Leroy Wolfe (or Kaufman).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States may sell 3189 Pinehurst Drive, Unit C, notwithstanding any third party's name on the deed/title and the title company shall provide clear title on behalf of the United States for the sale of the forfeited property under 21 U.S.C. § 853(n)(7).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED _____March 28_____, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

40

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:17-cr-00110-APG-DJA |
| Plaintiff | **Order Regarding Restitution** |
| v. | |
| SYLVIANE WHITMORE, et al., | |
| Defendants | |

Defendants Phillip Hurbace and Sylviane Whitmore were convicted of charges arising from the 2012 robbery of a private security box business known as 24/7 Private Vaults.  The Government seeks an order of restitution for the victims of that robbery.[1]  Seven victims reported to law enforcement that they had suffered identifiable losses.  The defendants do not contest that the seven claimants were actual victims, but they contest the amounts being sought.  I conducted hearings on March 26 and May 1, 2024 and allowed the parties to file supplemental briefs.  Below are my findings regarding restitution.

The Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, requires me to award restitution to the robbery victims.  The Government has the burden of proving the amount of loss by a preponderance of the evidence. 18 U.S.C. § 3664(e); *United States v. Hymas*, 780 F.3d 1285, 1293 n.4 (9th Cir. 2015) (same).

**Bradley Burns**

The parties agree that Mr. Burns is entitled to restitution in the amount of $284,035. ECF Nos. 509 at 2, 519 at 6.

---

[1] Co-defendant Larry McDaniel was convicted of a different robbery at 24/7 Private Vaults but not the 2012 robbery.  The Government does not seek restitution from him.

**Jeffrey Haeberlin**

Mr. Haeberlin claims the loss of a coin collection he had amassed over decades.  He requests $83,665.58 in restitution, which he contends is the 2024 value of the stolen coins. ECF No. 461-3 at 9-15.  The defendants argue he is entitled to only $52,015, the amount he claimed on a 2013 IRS Casualties and Thefts form. *Id.* at 16.  The MVRA requires restitution for the greater of the value of the property on the date of loss or the value on the date of sentencing. 18 U.S.C. § 3663A(b)(1)(B).  Thus, Haeberlin is entitled to $83,665.58 in restitution.

**Robert Wolfe**

Mr. Wolfe requests $456,200 in restitution. ECF Nos 461, 461-6.  He filed a police report on July 19, 2012 claiming he lost "between $250,000 - $300,000 . . . some random coins, documents and papers." ECF No. 461 at 4.  At the restitution hearing, Mr. Wolfe testified that the stolen funds came from a variety of sources: a settled insurance claim from 25-30 years ago, a 20-year-old jackpot he won, gambling winnings from 12-20 years before, another settled insurance claim from approximately 20 years ago, and proceeds from selling his insurance business approximately 16 years ago.  He admits that he did not put all of these proceeds into his vault over the years.

In 2015, Mr. Wolfe pleaded guilty to conspiracy to sell oxycodone and was sentenced to prison.  He had been engaged in this conspiracy before and after the 2012 robbery at 24/7 Private Vaults. ECF No. 509-4 at 20-22, 509-5.  He testified at the restitution hearing in this case that he put money and property into his vault to hide it from the federal government when it prosecuted him.  He admits he co-mingled his legitimate funds with the proceeds of his criminal activities.

"Where the property taken from the victim plainly was derived . . . from conduct determined by a court to be unlawful, although the MVRA does not explicitly limit the definition

of a victim on that basis, it may be appropriate to deny restitution." *United States v. Taylor*, No. CR CCB-17-106, 2021 WL 2930278, at *5 (D. Md. July 12, 2021), *aff'd*, 62 F.4th 146 (4th Cir. 2023) (citing *United States v. Martinez*, 978 F. Supp. 1442 (D.N.M. 1997)).  Mr. Wolfe's claim is dubious at best.  The amount he seeks is nearly double the amount he claimed in the police report he filed a few months after the robbery, but less than one-quarter of the amount he claimed when talking to undercover officers in 2013. ECF Nos. 461-6 at 4, 509-4 at 20-22.  The legitimately sourced funds he allegedly put in the vault were from many years prior, while the illegally gotten funds were obtained closer in time to the robbery.  Because of this timing, it is more likely that the stolen funds were illegal proceeds, rather than legitimate funds allegedly earned over the prior three decades.

> It is intuitively obvious that Congress did not intend to have the federal judiciary take the lead in rewarding, through restitution orders, persons robbed of monies they had obtained by unlawful means, especially where as a matter of policy, federal courts generally would not award those monies were they sought in a civil action.  This is especially true when the person who would benefit has violated federal laws.

*Martinez*, 978 F. Supp. at 1453.  Wolfe is not entitled to restitution for the stolen cash because it was likely obtained from his felonious activity.  However, I will order restitution in the amount of $156,200 for lost jewelry and coins that are not alleged to have been criminal proceeds. ECF No. 461-6 at 2-3.

**Todd Vowell**

Mr. Vowell seeks $867,400 in restitution for cash, coins, and precious metals. ECF No. 461-7.  The defendants' objection focuses on Mr. Vowell's activities with Jeremy Johnson, who was investigated and sued by the Federal Trade Commission (FTC).  That investigation resulted in an injunction and judgment against Jeremy Johnson and a criminal conviction in a separate

1 case. ECF No. 509-8. *See also Federal Trade Commission v. 249 Invs., LLC*, Case No. 2:10-cv-

2 2203-MMD-GWF; ECF No. 1941 (8/26/16). Ms. Whitmore claims that Mr. Vowell obtained the

3 stolen funds through Mr. Johnson, and the funds should have been disgorged to the FTC. ECF

4 No. 509 at 10. The FTC, through its receiver, sued Mr. Vowell, and that lawsuit was eventually

5 settled and dismissed. ECF Nos. 509-11, 509-12. The 24/7 Private Vault robbery occurred

6 before Mr. Vowell was sued and nearly two years before the settlement.

7        The defendants ask me to follow *Martinez* and deny Mr. Vowell restitution because his

8 funds were obtained illegally. In *Martinez*, the defendant robbed a casino that had been

9 operating unlawfully. The court declined to order restitution. "An order of restitution, in

10 addition to the other penalties imposed, would involve the court directly and intimately in

11 returning ill-gotten funds. A court's participation in such an endeavor would, at the least, be

12 unseemly. The federal courts should not be collection agents for scofflaws." 978 F.Supp. at

13 1454. But this case is more akin to *United States v. Taylor*, where a police officer was convicted

14 of robbing alleged drug dealers and was ordered to pay restitution under the MVRA. 2021 WL

15 2930278, at *5. Contrary to the casino/victim in *Martinez*, it was not proven that Taylor's

16 victims had engaged in illegal activity.

17       Where the property taken from the victim plainly was derived, as it was in
      *Martinez*, from conduct determined by a court to be unlawful, . . . it may be
18       appropriate to deny restitution. Where the record is less clear as to the source of
      the victim's property, however, the court must balance the policy consideration
19       Taylor has raised with the clear statutory mandate to award restitution in the full
      amount of the victim's loss in order to both compensate the victim and to ensure
20       that the offender realizes the damage caused by the offense and pays the debt
      owed to the victim as well as to society. . . . This dual restorative and penal
21       purpose is not served by engaging in an exhaustive fact-finding mission into the
      victim's background, history, and source of income. . . . To do so would negate
22       Congress's intent that restitution under the MVRA is mandatory and would create
      the impression that the consequences of a criminal act against a person who
23       allegedly has engaged in unlawful conduct should be less serious simply because
      of the victim's status.

*Taylor*, 2021 WL 2930278, at *5 (simplified).

Mr. Vowell was not convicted of any crime related to the property that was stolen from his vault, and there is no indication he hid those assets from the receiver.  Thus, he is situated differently from Mr. Wolfe.  Indeed, Vowell's items were stolen two years before his FTC settlement, so they could not have been part of that settlement.  The documents submitted by Mr. Vowell support his claim. ECF No. 461-7.  He is entitled to restitution in the amount of $867,400.

**Kelly Carn**

Mr. Carn seeks $47,700 for stolen cash, coins, vehicle titles, and collectible coins and bills. ECF No. 461-4.  Although he admits he put items in his vault to hide them from the Government while he was being prosecuted for weapons charges, he has not been convicted of any crime related to the property that was stolen from his vault. ECF No. 509-20, 509-21.  He has adequately supported his request with testimony and documentation.  He is entitled to restitution in the amount of $47,700.

**Carl Hurst**

On May 9, 2012, Mr. Hurst reported to the police that he lost a coin collection and $10,000 in cash. ECF No. 461-2 at 3.  Mr. Hurst is now deceased but a claim for restitution was presented by his sister. ECF No. 461-2.  A family member may assume a deceased victim's rights under the MVRA. 18 U.S.C. § 3663A(a)(2).  It is unclear how much the coins were worth, but Mr. Hurst's sister has adequately supported the claim so Mr. Hurst's estate is entitled to $10,000 in restitution.

/ / / /

/ / / /

**<u>Larry Corelli</u>**

The Government produced a police report filed by Mr. Corelli claiming to have lost $30,000 in cash, some coins, and personal papers from the robbery. ECF No. 461-5.  This claim is properly supported so I will grant the request for restitution in the amount of $30,000.

I THEREFORE ORDER that defendants Phillip Hurbace and Sylviane Whitmore are ordered to pay restitution, jointly and severally, to the following victims:

Bradley Burns: $284,035

Jeffrey Haeberlin: $83,665.58

Robert Wolfe: $156,200

Todd Vowell: $867,400

Kelly Carn:  $47,700

Carl Hurst: $10,000

Larry Corelli: $30,000

**Total Restitution Amount: $1,479,000.58**

DATED this 6th day of August, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

6

DEFENDANT: Sylviane Della Whitmore
CASE NUMBER: 2:17-cr-00110-APG-DJA-3
DISTRICT: Nevada

# REASON FOR AMENDMENT
**(Not for Public Disclosure)**

**REASON FOR AMENDMENT:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R.Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R.Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s)to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to
  ☐ 28 U.S.C. § 2255 or   ☐ 18 U.S.C. § 3559(c)(7)

☑ Modification of Restitution Order (18 U.S.C. § 3664)